IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

        Plaintiff,                    No. CIV S-12-0630 GGH P

    vs.

F. ZHANG, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. <u>See</u> docket entry # 4, consent form signed/dated March 19, 2012, filed on March 26, 2012.

        The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

1

detained in any facility, brought an action or appeal in a court of
the United States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which relief may
be granted, unless the prisoner is under imminent danger of serious
physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice[1] of the national pro se "three strikes" database,[2] and the three strikes order in <u>Stephen v. Hernandez</u>, No. 08-cv-0750 BEN (BLM), and cases therein cited, wherein plaintiff, Jimmie Stephen, CDCR[3] # C56483, is identified as a litigant with no less than six strikes based on the following filings dismissed as frivolous or for failure to state a claim:

(1) <u>Stephen v. Lacy</u>, No. CV-93-5032 WMB (C.D.Cal. Aug. 23, 1993) (failure to state a claim), aff'd, No. 93-56312, 1995 WL 72353 (9th Cir. Feb.22, 1995);
(2) <u>Stephen v. Zulfacur</u>, No. 93cv1943 R(RBB) (S.D.Cal. Apr. 19, 1994) (failure to state a claim);
(3) <u>Stephen v. Shelar</u>, No. 06cv1054 LAB (WM[C]) (S.D.Cal. Aug. 31, 2006) (failure to state a claim);
(4) <u>Stephen v. Hernandez</u>, No. 06cv0171 L(WMC) (S.D.Cal. Oct. 11, 2006) (failure to state a claim);
(5) <u>Stephen v. Marshal</u>, No. CV-07-05337-UA-SH (C.D.Cal. Oct. 4, 2007) (frivolous);
(6) <u>Stephen v. IRS</u>, No. 07cv2112 LAB (BLM) (S.D.Cal. Dec. 4, 2007) (frivolous).

<u>Stephen v. Hernandez</u>, No. 08cv0750 BEN (BLM) 2008 WL 2540708 * 2 (S.D. Cal. 2008), Order, filed on June 20, 2008. Moreover, in <u>Stephen v. Oshiro</u>, No. 09cv-7871 (SH) (C.D. Cal. 2009), dismissed on December 10, 2009, it was evidently noted that a three-strikes order against plaintiff was first entered in No. 07cv0229 on March 12, 2007. Each of these cases was dismissed well prior to the filing of the instant action on March 12, 2012 (or on March 6, 2012,

---

[1] Judicial notice may be taken of court records. <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert. denied</u>, 454 U.S. 1126 (1981).

[2] A Ninth Circuit committee has directed this court to access this database for PLRA three-strikes screening purposes.

[3] California Department of Corrections and Rehabilitation.

by application of the mailbox rule[4]). Therefore, the court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' under § 1915(g))"; see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998).

Plaintiff's complaint, wherein he names some seventeen defendants against whom he makes multiple unrelated allegations, is unfortunately illustrative of the kind of "mishmash of a complaint" that has been roundly repudiated. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits"). Fed. R. Civ. P. 18(a) provides: "A party asserting a claim, counter-claim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

It is true that Fed. R. Civ. P. 20(a)(2) provides that "[p]ersons ...may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." However, "[a] buckshot complaint that would be rejected if filed by a free

---

[4] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), pro se prisoner filing is dated from the date prisoner delivers it to prison authorities; Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

1  person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him,
2  D failed to pay a debt, and E infringed his copyright, all in different transactions – should be
3  rejected if filed by a prisoner." Id. at 607.
4          Plaintiff alleges that he has been denied partial dentures since 2005, that he has
5  been transferred from prison to prison because of "willful overcrowding tactics" by the CDCR,
6  that defendant dentist Dr. Zhang has denied him the partial dentures since 2008. Complaint, p. 3.
7  Plaintiff claims that he has being deprived of the right to eat properly when his gums bleed and
8  nerves are exposed and he is in pain. Id. He also, however, contends that a different doctor (not
9  named as a party) has explained to him that he has no support for partials on the right side of his
10 mouth due to the "willfull[] extract[ion]" of his teeth prior to an unexplained decision by
11 defendant Tilton in 2006. Id. Further confusing the issue, plaintiff complains that wires from his
12 partial dentures (which plaintiff indicated he did not have) irritate his nerves and brushing his
13 teeth causes bleeding gums. Id., at 4.
14         Plaintiff alleges that, since his November 16, 2008[5] arrival at California State
15 Prison-Solano, he has suffered serious flu infections due to overcrowded dorms and was denied
16 the right to see defendant Dr. Chen until January 5, 2009; he contends that he had contracted
17 tuberculosis in 2005. Complaint, p. 4. Plaintiff alleges that he is at risk of contracting hepatitis
18 and other diseases due to housing practices and inadequate ventilation at CSP-Solano of which
19 defendants Sisto and Swarthout had knowledge, and that as of September 26, 2009, he was in
20 imminent danger of serious physical injury. Id.
21         Plaintiff goes on to implicate the Solano yard dorms as having one toilet, placing
22 his health and safety at risk, alleging that defendant Richardson denied his request for
23 disinfectant. Complaint, p. 5. He alleges that defendant Warden Brown denied his appeal
24 seeking sterilization of toilets and sinks after each use. He alleges that defendant Wardens

---

[5] Earlier, he dated his arrival as Nov. 14, 2008 from California Men's Colony. Complaint, p. 3.

1  Brown, Sisto, Haviland, Swarthout are all aware of the CSP- Solano dorms' ventilation systems
2  and the risk of infectious diseases from the inadequate ventilation.  Id.

3  Plaintiff goes on to accuse defendants Pines and Mosby of, inter alia, "selective
4  retaliation" for not granting him a law library pass when he sought it although it was granted to
5  others.  Complaint, pp. 5-6.  Plaintiff claims that defendant Kosher stated that broken typewriters
6  would not be replaced, even though plaintiff claims they were repairable.  Id., at 6.  Plaintiff
7  alleges that defendant Green failed to provide a copy of a record of a  Dec. 12, 2008,
8  classification hearing, but this claim descends into virtual incoherence.  Id., at 7.  Plaintiff claims
9  defendant Guerrero harassed him by having him sit on a stool for count after he was relocated to
10 a three-tier bunk.  Id.  Defendant Oshiro allegedly violated plaintiff's rights by approving
11 plaintiff for integrated cell housing pursuant to "Johnson"[6] and "CDCR rules," when plaintiff has
12 an (unexplained) commitment offense that "'negates'" such integrated housing.  Id., at 8.
13 Plaintiff also alleges that defendants Swarthout and Sisto have denied "lifers and ADA's" their
14 right to possess televisions.  Id.

15 Besides the plaintiff's multiplicity of disparate, unrelated claims, plaintiff's chief
16 problem is that he is unable to meet the requirement of showing that he was "under imminent
17 danger of serious physical injury" at the time of filing the instant complaint because, while all of
18 his allegations are expressly made against defendants at CSP-Solano,[7] plaintiff filed this
19 complaint while housed at San Quentin State Prison and remains there at this time.  Therefore,
20 plaintiff cannot have been under any imminent danger when he was no longer housed at the

---

[6] Evidently, plaintiff is making a reference to Johnson v. California, 543 U.S. 499, 125 S. Ct. 1141 (2005) (under equal protection challenge, state corrections department's unwritten policy of double-celling new/transferred inmates in initial 60-day evaluation with cellmates of same race is subject to strict scrutiny standard of review).

[7] The exception being that defendants former CDCR Director Tilton, Jimenez (CCPOA president) and former Governor Schwarzenegger, who all appear to have been named in largely a nominal capacity only – two of whom are former state officials with the third, defendant Jimenez, being the head of the California Correctional Officers union.

facility wherein the defendants allegedly placed him at risk at the time he filed the instant complaint. <u>Andrews v. Cervantes</u>, 493 F.3d at 1053. Therefore, the court finds that plaintiff does not qualify for the "imminent danger" exception and is barred from proceeding in this case pursuant to the three-strikes bar of 28 U.S.C. § 1915(g).

Accordingly, IT IS ORDERED that plaintiff's request to proceed in forma pauperis is barred, pursuant to 28 U.S.C. § 1915(g), and plaintiff is directed to pay the $350.00 filing fee in full for a civil rights action within twenty-eight days of the filing date of this order. Failure to do so will result in dismissal of this action.

DATED: April 18, 2012

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
step0630.ord